UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN INTEGRITY
INSURANCE COMPANY
OF FLORIDA,

        Plaintiff,

v.                                             Case No. 8:24-cv-783-KKM-AEP

JOHN DOE, owner/user of
email address
fraud@americanintegrityfraud.com,

        Defendant.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff's Motion for Leave to Serve Third-Party Subpoenas Prior to Rule 26(f) Conference (Doc. 9). Plaintiff later supplemented its Motion with additional information for this Court's consideration (Doc. 14). Plaintiff filed this action for trademark infringement, unfair competition, dilution, and cybersquatting arising under the federal Lanham Act as well as related Florida state law claims for trademark infringement, unfair competition, and defamation, and violation of the Florida Deceptive and Unfair Trade Practices Act (Doc. 9, at 1–2). By the Motion, Plaintiff seeks serve limited, immediate discovery on GoDaddy and DBP so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, unfair competition, dilution, cybersquatting, defamation, and deceptive and unfair trade practices, and effectuate service prior to

the scheduling conference required under Rule 26(f) of the Federal Rules of Civil Procedure (Doc. 9, at 9). Since the filing of the original Motion (Doc. 9), Plaintiff has been able to identify the IP addresses from which the alleged emails have been sent and the Internet Service Provider (ISP) for Defendant (Doc. 14, at 1). Plaintiff determined that the alleged emails at issue were sent from the following IP addresses:

>   35.89.44.33
>   35.89.44.35
>   35.89.44.37
>   35.89.44.39
>   44.202.169.33
>   44.202.169.35
>   44.202.169.37
>   44.202.169.39

(Doc. 14-1, ¶ 3). From this, Plaintiff determined that Defendant's ISP is Proofpoint, Inc., located at 925 West Maude Avenue, Sunnyvale, California 94085 (Doc. 14-1, ¶ 4).

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however. *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (citations omitted); *Arista Records LLC v. Does 1-7*, 3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (citations omitted). "In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery

request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim." *Manny Film LLC v. Doe*, No. 8:15-CV-507-T-36EAJ, 2015 WL 12850566, at *1 (M.D. Fla. May 18, 2015) (citing *Arista Records v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).

Here, Plaintiff alleged that it does business under several trademarks, including American Integrity Insurance Group and Integrity More Than A Promise, as well as several stylized/design marks registered with the United States Patent and Trademark Office (Doc. 9, at 2–3). Plaintiff alleged that Defendant has been sending emails from the email address fraud@americanintegrityfraud.com purporting to be Plaintiff, using Plaintiff's federally-registered marks, and making false and defamatory statements regarding Plaintiff and its insurance business (Doc. 1, at 2–3; Doc. 9, at 3). Plaintiff asserts that because its marks are federally-registered, that serves as prima facie evidence of the validity of the marks and of the registration of the marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive right to use the marks in commerce on or in connection with the services specified in Plaintiff's registration certificates. *See* 15 U.S.C. §§ 1057(b) and 1115(a).

Plaintiff clearly identified the information sought through discovery by identifying the IP addresses and ISP of Defendant, as well as the hit date, city and state (Doc. 9-1, Ex. 1 Timmerman Declaration) and showed that it has no other way to obtain Defendant's true identity (Doc. 9, at 6). Moreover, the information Plaintiff seeks is time sensitive as ISPs do not retain user activity logs for an extended duration. *Arista Records*, 2008 WL 542709, at *1. Accordingly, if Plaintiff

does not timely obtain Defendant's identifying information, Plaintiff may lose its ability to pursue its claims in this action. As such, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference. After consideration, it is hereby

ORDERED:

1. Plaintiff's Motion for Leave to Serve Non-Party Subpoena Prior to Rule 26(f) Conference and the Supplemental Motion (Docs. 9, 14) are GRANTED.

2. Plaintiff may serve Defendant's domain name registrar GoDaddy and domain proxy registrant Domains By Proxy, LLC, with a Rule 45 subpoena commanding it to provide Plaintiff with Defendant's identity, address, and contact information. Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to Defendant. Plaintiff shall attach a copy of the Complaint and this Order to any subpoena issued pursuant to this Order.

3. Plaintiff may serve the ISP Proofpoint, as identified in Plaintiff's Supplemental Motion (Doc. 14), with a Rule 45 subpoena commanding it to provide Plaintiff with Defendant's identity, address, and contact information. Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to Defendant. Plaintiff shall attach a copy of the Complaint and this Order to any subpoena issued pursuant to this Order.

    4. Upon receipt of the requested information in response to a Rule 45 subpoena served on Defendant's domain name registrar GoDaddy, domain proxy registrant Domains By Proxy, LLC and the ISP Proofpoint, Plaintiff shall only use the information disclosed for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

    DONE AND ORDERED in Tampa, Florida, on this 8th day of April, 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record