UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:24-cv-00783-KKM-AEP

AMERICAN INTEGRITY
INSURANCE COMPANY OF FLORIDA,

    Plaintiff,

v.

PATRICK SMITH,

    Defendant.

---

### MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' REQUEST TO SUBMIT CONFIDENTIAL SETTLEMENT AGREEMENT FOR *IN CAMERA* REVIEW AND TO RETAIN JURISDICTION

Defendant Patrick Smith, in support of the parties' conditional joint stipulation of dismissal with prejudice requesting that the Court review their confidential settlement agreement and retain jurisdiction over one item of it, [DE 41] pursuant to Local Rule 3.01(a), files this memorandum of law.

### I. PROCEDURAL HISTORY

Plaintiff American Integrity Insurance Company of Florida ("American Integrity") brought this action against a Doe defendant. [DE 1]. It then filed an amended complaint naming defendant Patrick Smith. [DE 19]. The parties engaged in settlement negotiations, and ultimately reached a confidential written settlement agreement before an answer was due. However, the parties' notices of settlement, [DE 31 and 34], were stricken by the Court, [DE 32 and 35], because the parties did not

"offer a sufficient justification as to why the Court should retain jurisdiction over the Parties' settlement agreement." [DE 35]. It then instructed the parties to "re-file a notice of settlement in accordance with this Court's orders" and warned that a "[f]ailure to comply with this order may result in sanctions." Id. In compliance with the Court's directives, Smith hereby provides the justification for the parties' request.

## II. ARGUMENT

The Court should review the parties' confidential settlement agreement *in camera*, before deciding whether to retain jurisdiction because that opportunity will illustrate how retaining jurisdiction is the least amount of judicial effort while declining to do so will, necessarily, result in measurably more, including factfinding as a direct consequence of the bargain the parties struck. The Court's review need not be more than cursory; the relevant portions of the agreement for *in camera* review are limited to one paragraph and an exhibit.

**A. An *in camera* review of the parties' confidential settlement agreement will allow the Court to understand why retaining jurisdiction is the most efficient way to conclude this case**

A trial court has authority to hear testimony and review documents *in camera* when dealing with issues of confidentiality. Cf. Adkins v. Christie, 488 F.3d 1324, 1329 (11th Cir. 2007) (even in the absence of privilege, a court may use "established means" to protect a litigant's interest in confidentiality, including *in camera* review); Kerr v. United States Dist. Court for Northern Dist. of Cal., 426 U.S. 394 (1976) (recognizing the "highly appropriate and useful means" of *in camera* review for

privilege issues).

Here, the Court may review the entirety of the agreement if it wishes, but the relevant portion is brief: one paragraph (Section 11.b.) together with a 3-page exhibit. The agreement being confidential, an *in camera* review of it will afford the litigants the protection they bargained for. Adkins, 488 F.3d at 1329 (litigants "have a legitimate interest in keeping [their] documents confidential and in protecting them from widespread dissemination"). An *in camera* review of it will help inform how the Court should rule with respect to the parties' request for the Court to retain jurisdiction over that issue. And the Court has that power.

### B. A federal court may retain jurisdiction over a confidential settlement agreement

District courts have the power to supervise case-closure matters, including incorporating settlement agreements directly into their orders, by entering consent decrees, and by merely retaining jurisdiction over a settlement agreement. E.g., Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002) ("even absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement"); accord Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994) ("if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the

settlement agreement in the order [then] a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist"). Smith is not aware of any policy disfavoring any of those procedures.

There is, however, a general public policy favoring settlements and sparing courts from unnecessary effort. FTC v. Actavis, Inc., 570 U.S. 136 (2013) (recognizing the "general legal policy favoring the settlement of disputes"). A policy against entering consent decrees, against incorporating settlement agreements into an order, or against retaining jurisdiction post-settlement would disserve judicial economy and thwart the policy of encouraging parties to settle outside of court. Disfavoring the entry of consent decrees, incorporating settlement terms in a court order, or retaining jurisdiction over a confidential settlement agreement could also interfere with the parties' right of contract. The Supreme Court has recognized as much.

The importance of the parties' right to bargain for a contractual resolution of their dispute was a significant concern in Carson v. American Brands, Inc., 450 U.S. 79 (1981). There, "the parties negotiated a settlement and jointly moved the District Court to approve and enter their proposed consent decree." Id. at 81. Despite both parties agreeing to the relief sought, the district court "denied the motion to enter the proposed decree," concluding that it was illegal. Id. That order "effectively ordered the parties to proceed to trial." Id. at 87. In holding that such an order is an appealable interlocutory order, the court emphasized the serious consequences that flowed from the parties "los[ing] their opportunity to settle their case on the negotiated terms." Id. at 86. By refusing to enter the consent decree, the district court "radically affected"

their bargain. Id. at 87. In reaching its holding on the appealability of an order declining to enter a consent decree, Carson's rationale suggests that district courts should respect the litigants' bargain, and contravening it is disfavored because doing so could "deny[] the parties their **right to compromise their dispute on mutually agreeable terms**." Id. at 88 (emphasis supplied).

The only real difference between a consent decree and an order retaining jurisdiction over a settlement agreement is simply confidentiality, and parties ought to have the right to choose either a public consent decree or a confidential off-record settlement. Providing litigants with the full panoply of contractual terms, including confidentiality, provides the greatest likelihood of reaching mutual agreement. Nothing about retaining jurisdiction and reviewing a confidential settlement *in camera* is illegal or even disfavored.

Accordingly, the parties having exercised their contractual rights and bargained for the Court to retain jurisdiction, the Court should review the agreement *in camera* and subsequently enter an order retaining jurisdiction in the limited fashion requested by the parties.

### C. Retaining jurisdiction over the settlement agreement will conserve judicial resources

When litigants enter into a settlement agreement, they generally do so in good faith and with a view towards a bona fide resolution of their dispute. While district courts understandably may be reluctant to retain jurisdiction over what ostensibly appears to be a second possible litigation over a purely post-merits contractual matter

(i.e. one that federal courts may be resistant to as one ordinarily lying within the state courts of general jurisdiction), such disputes are infrequent and narrow, particularly where the mechanics of an agreement are limited to ministerial entry of stipulated remedies. In that way, settlement agreements are usually far simpler than typical contracts, and Kokkonen provides the reassurance that post-merits jurisdiction can exist and is expressly permissible over an out-of-court settlement. It is also simple to effectuate.

If a settlement agreement were vast and complex, a court might reasonably decline to retain jurisdiction over the whole of it. But that is not what the parties request here. Instead, only a small portion of their agreement contemplates the unlikely need for continued jurisdiction of this Court. The mere act of retaining jurisdiction over settlement agreement does not inevitably lead to further judicial effort, and only an *in camera* review of an agreement could provide the proper basis to inform a court whether a concern over limited judicial resources would materialize.

Perhaps most relevant to conserving judicial resources in this case is the fact that the parties' agreement here will, by its terms, require *more* judicial effort if the court does *not* retain jurisdiction. Declining retention of jurisdiction will require the Court to do now what may never need be done.

The simpler and more expedient route to closing this case is for the Court simply to retain jurisdiction pursuant to one paragraph of the agreement and the corresponding exhibit. Again, an *in camera* inspection will quickly reveal why retaining jurisdiction is less effort. Viewed objectively, the probability that the Court would need

to do anything further in this case after retaining jurisdiction in a final order is almost zero.

### III.     CONCLUSION

The Court should review the parties' confidential settlement agreement *in camera* to understand why it may be forcing upon itself effort that, in all likelihood, will never be necessary. There appear to be only two options now for the Court: (A) enter an order retaining jurisdiction and allow the stipulation's effectiveness to be triggered which would bring the case to immediate closure, or (B) decline to retain jurisdiction which will then trigger the parties to prepare a new stipulation, submit further court filings, request the Court to engage in factfinding, and necessitate the Court to enter a multi-page order—all of which is required by the parties' settlement agreement if jurisdiction is not retained. The former is the least judicial effort required to close out this case while the latter is significantly more.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiff*

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 3.01(g) counsel for Patrick Smith certifies that he conferred with counsel for American Integrity on this memorandum of law in support of the parties' joint stipulation, and while American Integrity does not oppose what the parties have requested in their stipulation, it does not join in this memorandum.

                                                    /s/ Griffin Klema  
                                                  Griffin C. Klema, Esq.